NEWMAN, Circuit Judge,
dissenting.
I respectfully dissent. Star Fruits challenges the PTO’s change in law and practice, whereby in 2001 the agency decided to hold that foreign sale or use of a plant that has foreign Breeder’s Rights registration may bar United States patentability of that plant. The examiner informed Star Fruits that its United States application was subject to rejection on this ground. Star Fruits challenged that position by declining to provide the PTO with foreign sales and use information, whereupon the examiner refused to continue the examination and declared the application abandoned. Star Fruits filed a petition to the Director, the only available path of review of the examiner’s action. The Director upheld the PTO’s view of the law. Star Fruits then appealed to the district court under the Administrative Procedure Act, arguing that the agency’s action was an improper procedure and not in accordance with law.
The district court held that it could not review internal examination practices, and dismissed the appeal. My colleagues state that they do not agree with the ground of the district court’s dismissal, but instead of remanding to the district court they have themselves decided the appeal, on grounds not distinguishable from that of the district court. Thus this court holds that the examination demand must be complied with, and does not mention the issue of law that underlies the dispute: the issue of whether foreign sales and use are relevant to pat-entability in the United States. Star Fruits extensively argued this issue in the PTO, and this is the issue that was presented to the district court, Star Fruits *1286 stating that the PTO’s ruling is contrary to statute:
35 U.S.C. § 102. A person shall be entitled to a patent unless—
*8 *!* *!> il*
(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States, ...
(Emphasis added.) Star Fruits cites Gandy v. Main Belting Co., 143 U.S. 587, 593, 12 S.Ct. 598, 36 L.Ed. 272 (1892) (foreign sales do not bar patentability) and In re LeGrice, 49 C.C.P.A. 1124, 301 F.2d 929, 935 (CCPA 1962) (“if section 102(b) was to be given a different interpretation as to plant patents, it should have been expressly qualified by Congress so that descriptions of plants in printed publications would have been judged by different standards than those so long recognized by leading text writers and the courts”). Thus Star Fruits states that the PTO’s decision is contrary to statute and precedent. Star Fruits also cited the PTO’s regulation for examination, which states that:
37 C.F.R. § 1.105 Requirements for information.
(a)(1) ... the examiner or other Office employee may require the submission ... of such information as may be reasonably necessary to properly examine or treat the matter, ...
(Emphasis added.) For materiality, in addition to 35 U.S.C. § 102 Star Fruits cited the Manual of Patent Examination Procedure:
MPEP 2001.05 ... If the information is not material, there is no duty to disclose it to the Office.
Star Fruits argues that the demanded information of foreign sales and distribution was not “reasonably necessary,” for it was not “material” to patentability. The statute is not mentioned by the panel majority, who simply hold that information must be provided unless the demand is “arbitrary or capricious.” The APA criterion of “contrary to law” is not mentioned.
Despite its broad power to grant or deny patents, the Patent and Trademark Office does not have the responsibility, or the authority, to depart from the law, or to make or change the policy embodied in the law, or to reinterpret the statute in a way that departs from congressional intention or judicial interpretation. Judicial review under the Administrative Procedure Act serves to test agency compliance with statute and precedent. An agency change of law, particularly a change that was not subjected to notice-and-comment rulemak-ing before its implementation, is not immune from APA review. My colleagues’ rule that the patent applicant’s only recourse is to comply with the request for information and undergo full examination to final rejection, with appeal available only through the PTO Board of Appeals, bypasses and forecloses APA procedures. When an agency unilaterally makes a major and far-reaching change in law, the entire administrative process need not be forced to proceed on the incorrect law, a process that may consume years, in order to challenge the change in law. I know of no reason for denying to the invention community the full scope of APA procedures, now that the Court has confirmed in Dickinson v. Zurko, 527 U.S. 150, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999), that the APA applies to the Patent and Trademark Office. The question of law was decided by the PTO Director on Star Fruits’ petition, and was properly taken to the district court for substantive review.
The new rule and examination practice adopted by the PTO is at least facially *1287 inconsistent with statute and precedent. It is a significant change in long-standing practice. This change was not subjected to notice-and-comment rulemaking, but simply to internal arrogation. In such a context, judicial review protects the rights affected by the agency action. See, e.g., American Power & Light Co. v. SEC, 329 U.S. 90, 105, 67 S.Ct. 133, 91 L.Ed. 103 (1946) (“Private rights are protected by access to the courts to test the application of the policy in the light of these legislative declarations.”)- The Administrative Procedure Act implements this obligation.
Adequate access to the courts, to test conspicuous changes in law and policy initiated by the agency, is fundamental to the administrative state. When a case of “first impression” arises, as is here acknowledged, the agency has a “duty to explain its departure from prior norms.” Atchison, Topeka & Santa Fe Ry. Co. v. Wichita Board of Trade, 412 U.S. 800, 808, 93 S.Ct. 2367, 37 L.Ed.2d 350 (1973). The record does not show that the PTO met that duty. See 5 U.S.C. § 553 (describing procedures to be followed in administrative rule-making). The judicial duty is both to review agency departures from substantive law, and to assure that appropriate procedures are followed. See Abbott Labs. v. Gardner, 387 U.S. 136, 154, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) (“Where the legal issue presented is fit for judicial resolution, and where a regulation requires an immediate and significant change in the plaintiffs’ conduct of their affairs with serious penalties attached to noncompliance, access to the courts under the Administrative Procedure Act and the Declaratory Judgment Act must be permitted, absent a statutory bar or some other unusual circumstance, .. ”).
Judicial review necessarily includes deciding whether the agency’s theory of the law is correct. See Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 413-14, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971) (“In all cases agency action must be set aside if the action was ... ‘not in accordance with law’ or if the action failed to meet statutory, procedural, or constitutional requirements”); see also F.C.C. v. Nextwave Pers. Communications, Inc., 537 U.S. 293, 300, 123 S.Ct. 832, 154 L.Ed.2d 863 (2003) (“The Administrative Procedure Act requires federal courts to set aside federal agency action that is ‘not in accordance with law,’ 5 U.S.C. § 706(2)(A)— which means, of course, any law, and not merely those laws that the agency itself is charged with administering.”); Bowen v. Massachusetts, 487 U.S. 879, 911, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988) (“It seems perfectly clear that, as ‘the reviewing court,’ the District Court had the authority to ‘hold unlawful and set aside agency action’ that it found to be ‘not in accordance with law.’ ”). The panel majority dilutes this safeguard by holding that judicial review is available in this case only for PTO Board of Appeals decisions.
The question of law that underlies this appeal was recently before this court in a copending case, reported at In re Elsner, 381 F.3d 1125 (Fed.Cir.2004) (rehearing en banc denied Nov. 23, 2004). Although that decision remanded the case to the PTO for further development, it accepted the principle that foreign sales and foreign knowledge may be relevant to patentability in the United States. That case, recognized all around as of “first impression,” decided the issue of substantive law that underlies Star Fruits’ petition. That should have mooted this appeal. Instead, the panel majority has expounded on various aspects of judicial review, unnecessarily and generally inaptly. For example, it is incorrect to hold that information can be demanded even if it cannot lead to a rejection on the merits. The PTO nowhere goes that far; the PTO makes clear its position that the *1288 foreign sales information can indeed lead to a rejection on the merits. That is why the district court erred in refusing to consider this question of law, and why this panel similarly errs. The court’s validation of the PTO’s right to demand “sales brochures” and other hypothetical information — such as an applicant’s comments on a Federal Circuit decision — is irrelevant and impertinent.
Thus my colleagues err in limiting their review to whether the PTO action was “arbitrary or capricious,” for the APA also requires review to determine whether the action is in “accordance with law.” § 706(2)(A). It is incorrect to hold that the applicant must yield to “the examiner’s view of the scope of the law to be applied.” Maj. op. at 1283-84. That is a misperception of the criteria for judicial review under the APA. This is not examiner discretion; it is a major change of law, a change of economic importance and high controversy.
In the administrative state, vigilance is required to balance authority and responsibility among the branches of government. The pragmatism of delegation to administrative agencies of complex procedures, is balanced against the responsibility of the courts to assure compliance with law. See I.N.S. v. Chadha, 462 U.S. 919, 953 n. 16, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983) (while administrative agencies “implement, interpret, or prescribe law or policy,” the courts “‘ascertain whether the will of Congress has been obeyed,’ and can enforce adherence to statutory standards”) (quoting Yakus v. United States, 321 U.S. 414, 425, 64 S.Ct. 660, 88 L.Ed. 834 (1944) and citing Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 585, 72 S.Ct. 863, 96 L.Ed. 1153 (1952)). On this appeal under the Administrative Procedure Act the panel majority neither remands to the district court, nor explores the legal and policy-laden issue that is presented. I respectfully dissent.