**In re Wilhelm ELSNER.**

**In re Keith W. Zary.**

Nos. 03–1569, 03–1585.

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 16, 2004.

Julie W. Meder, Webb Ziesenheim Logsdon Orkin & Hanson, P.C., of Pittsburgh, PA, argued for appellant. Russell D. Orkin for appellant.

John M. Whealan, Solicitor, United States Patent and Trademark Office, of Arlington, VA, argued for appellee. With him on the brief were Stephen Walsh and Linda Moncys Isacson, Associate Solicitors.

Kenneth S. Klarquist, Klarquist Sparkman, LLP, of Portland, OR, argued for appellant. With him on the brief was Kevin M. Hayes.

John M. Whealan, Solicitor, United States Patent and Trademark Office, of Arlington, VA, argued for the Director of the United States Patent and Trademark Office. With him on the brief were Stephen Walsh and Linda Moncys Isacson, Associate Solicitors.

Patrick H. Ballew, Stratton Ballew PLLC, of Yakima, WA, for amicus curiae Northwest Nursery Improvement Institute, Inc. Of counsel was Rex B. Stratton, of Seattle, WA.

Before LOURIE, CLEVENGER, and BRYSON, Circuit Judges.

LOURIE, Circuit Judge.

Wilhelm Elsner appeals from the decision of the United States Patent and Trademark Office ("PTO") Board of Patent Appeals and Interferences affirming the rejection of claim 1 of United States plant patent application 09/664,247 as anticipated under 35 U.S.C. § 102(b). *Ex Parte Elsner*, No.2003–0841 (Bd. Pat. Apps. & Interfs., Mar. 26, 2003). Similarly, Keith Zary appeals from the decision of the Board affirming the § 102(b) rejection of the sole claim of United States plant patent application 09/267,559. *Ex Parte Zary*, No.2003–0703 (Bd. Pat. Apps. & Interfs., Mar. 26, 2003).[1] The Board determined that Appellants' published Plant Breeder's Rights applications anticipated their claims in view of the foreign sales of the claimed plants. We agree that the publication of the applications coupled with foreign sales of the plants may constitute a § 102(b) bar to patentability. However, because the record is silent on the extent to which the foreign sales were known to the public, and because the Board did not adequately address the degree to which availability of the plants through foreign sales enabled the preparation of the claimed plants, we vacate the Board's decisions in both cases and remand for further proceedings.

## BACKGROUND

### I. *The Elsner Application*

Mr. Wilhelm Elsner is a plant breeder who resides in Germany and whose botanical products include various varieties of geraniums. In September 1997, he filed an application for a Community Plant Variety Rights ("CPVR") Certificate, or

---

1. Both appeals were heard together by the Board and decided concurrently, but the Board issued separate opinions. Here, because the cases raise the same legal issue, we resolve them in this single opinion. Accordingly, Elsner and Zary are referred to herein as "Appellants."

Plant Breeder's Rights ("PBR"), at the Community Plant Variety Office ("CPVO") in Europe for a type of geranium named "Pendec." The variety originated as a mutation of a parent geranium plant named "Pendresd." Elsner's application, designated EU 97/0950, was listed in the CPVO Official Gazette that was published in December 1997. That listing disclosed the names and addresses of the breeder and its representative, a statement of botanical classification, and a provisional denomination for the plant. In July 1998, a sale of the Pendec geranium occurred in Germany. Elsner withdrew the application in May 1999, and it did not therefore mature into a CPVR certificate.

In September 2000, Elsner filed a plant patent application at the PTO claiming the Pendec geranium. The patent examiner rejected the only claim in the application as anticipated under 35 U.S.C. § 102(b), on the ground that the EU 97/0950 listing had been published more than one year before the effective filing date of Elsner's U.S. application. She concluded that the listing disclosed the invention and that the sales placed the skilled artisan in possession of the invention. Elsner appealed to the Board, which affirmed the rejection, and Elsner appeals to this court.

## II. The Zary Application

In March 1995, Dr. Keith Zary filed a PBR application in South Africa that claimed a variety of rose plant named "JA-Copper," a cross between two other rose varieties. The application was published in April of that same year, and it listed information concerning how the breeder, as well as the breeder's South African agent, could be contacted. The JACopper

plant was thereafter sold in South Africa and Zambia as early as October 1996.

In March 1999, Zary filed a plant patent application at the PTO claiming the JA-Copper rose plant. The examiner issued a rejection under § 102(b), stating that the published PBR application was a printed publication that enabled the invention and placed the skilled artisan in possession of the invention because of the public availability of JACopper in South Africa and Zambia. Upon Zary's appeal, the Board affirmed the examiner's rejection, holding that the description of the JACopper plant in a printed publication, combined with the foreign public availability of that plant more than one year before Zary's filing date, constituted a statutory bar. Zary now appeals to this court.

We have jurisdiction over both appeals pursuant to 28 U.S.C. § 1295(a)(4).

## DISCUSSION

We review legal determinations of the Board, including whether a printed publication is enabled, without deference. *In re Kollar*, 286 F.3d 1326, 1329 (Fed.Cir. 2002). "Whether a prior art reference is enabling is a question of law based upon underlying factual findings." *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1301 (Fed.Cir.2002). We review the factual findings underlying those determinations for substantial evidence. *In re Gartside*, 203 F.3d 1305, 1316 (Fed.Cir. 2000).

On appeal, Elsner and Zary argue that the Court of Customs and Patent Appeals held in *In re LeGrice*, 49 C.C.P.A. 1124, 301 F.2d 929 (1962), that foreign activity cannot cause a non-enabled publication to constitute a statutory bar under § 102(b).[2]

2. Section 102 of 35 U.S.C. provides in relevant part that "[a] person shall be entitled to a patent unless ... (b) the invention was

patented or described in a printed publication in this or a foreign country ... more than one

The appellants further assert that, because foreign sales are not prior art under the patent statute, they may not be considered within the knowledge of one of skill in the art and cannot be used to enable an otherwise non-enabled publication. They claim that the published PBR applications are not enabled because it is impossible to recreate the claimed plants from the textual descriptions alone, and they assert that the published applications are therefore not effective as § 102(b) references.

The PTO asserts that *LeGrice* did not squarely address whether a publication may be enabled through a foreign sale. The PTO further argues that the *LeGrice* court adopted a "possession" test as a measure of enablement of a publication and that the Board properly applied that test to Elsner's and Zary's applications. The correct inquiry, the PTO argues, is whether the printed publication put the public in possession of the claimed invention before the critical date. That is the fundamental policy behind § 102(b), the PTO urges, and it supports the rejection of the claims over the published PBR applications in view of the foreign sales.

■ The particular question thus before us is whether evidence of the foreign sale of a claimed reproducible plant variety may enable an otherwise non-enabled printed publication disclosing that plant, thereby creating a § 102(b) bar. On that issue of first impression, we hold in the affirmative.

■ Prior art under § 102(b) must sufficiently describe a claimed invention to have placed the public in possession of that invention. *In re Donohue,* 766 F.2d 531, 533 (Fed.Cir.1985); *In re Samour,* 571 F.2d 559, 562 (CCPA 1978). The proper test of a publication as a § 102(b) bar is "whether one skilled in the art to which

year prior to the date of the application for

the invention pertains could take the description of the invention in the printed publication and combine it with his own knowledge of the particular art and from this combination be put in possession of the invention on which a patent is sought." *LeGrice,* 301 F.2d at 939. In particular, one must be able to make the claimed invention without undue experimentation.

It is undisputed that the PBR applications were published more than one year prior to the effective filing dates of Appellants' respective applications and that the applications fully disclose the claimed plants. It is also clear that the foreign sales of the Pendec geranium and the JACopper rose are not themselves § 102(b) prior art against the applications; that is, those foreign sales themselves do not constitute an on-sale bar. Ordinarily, foreign sales of an invention in combination with a publication will not constitute a bar because such a result would circumvent the established rules that neither non-enabling publications nor foreign sales can bar one's right to a patent. What sets this case apart is that it deals with plant patents, which may be granted to "[w]hoever invents or discovers and asexually reproduces any distinct and new variety of plant...." 35 U.S.C. § 161 (2000). The grant accompanying a plant patent includes "the right to exclude others from asexually reproducing the plant, and from using, offering for sale, or selling the plant so reproduced, or any of its parts...." *Id.* § 163. The PTO asserts that when a publication is combined with a foreign sale which results in possession of the plant by one of skill in the art, it is that possession alone which is capable of enabling the publication. That is not correct. Only when possession derived in this manner enables a person of skill in the art to practice

patent in the United States."

asexual reproduction of the plant in a manner consistent with the statute can a non-enabling publication and foreign sale act as a § 102(b) bar.

Because we perceive a difference between plants and statutorily distinct inventions, we disagree with Appellants' contention that this holding will operate to create a printed publication bar whenever a non-enabling publication and a foreign sale are involved. As our predecessor court noted in *LeGrice*, "there are inherent differences between plants and manufactured articles." 301 F.2d at 935. In the case of plant patents, the touchstone of the statutory subject matter is asexual reproduction of a unique biological organism. When a publication identifies the plant that is invented or discovered and a foreign sale occurs that puts one of ordinary skill in the art in possession of the plant itself, which, based on the level of ordinary skill in the art, permits asexual reproduction without undue experimentation, that combination of facts and events so directly conveys the essential knowledge of the invention that the sale combines with the publication to erect a statutory bar. In any event, the inventor is in control of the activities relating to his invention, and avoidance of a bar is accomplished by making a timely filing at the PTO.

Appellants' PBR applications disclosed the claimed plant varieties, but concededly do not, by themselves, enable the skilled artisan to practice the claimed inventions or reproduce the plants. However, because the public may have had access to the claimed inventions through the foreign sales of the plants, from which the claimed plants may be reproduced, it may fairly be said that the PBR applications are adequately enabled. Because the published applications, combined with the foreign sales of the plants, placed the claimed inventions in the possession of the public,

we therefore hold that they are proper § 102(b) anticipatory references that may bar patentability.

Our predecessor court's decision in *Samour* supports the use of secondary references to show that a primary § 102(b) reference was in fact enabled. In that case, the applicant claimed a small genus of chemical compounds useful as anticonvulsant agents. The Board affirmed a § 102(b) rejection that a printed publication by Doran anticipated the claimed invention. The Doran reference disclosed the structure of a compound within the claimed genus, but failed to describe a method of preparing the compound. Although the applicant argued that the reference was non-enabled, the Board relied on additional references to show that the skilled artisan would have known how to prepare the compound disclosed by Doran. The court affirmed the Board's decision, reasoning that additional references cited in a § 102(b) rejection are relied on "to show that the claimed subject matter, every material element of which is disclosed in the primary reference, was in [the] possession of the public." 571 F.2d at 563; *see also Donohue*, 766 F.2d at 534 (affirming a § 102(b) rejection wherein additional references were used to show that a primary reference which disclosed every element of the claimed invention was enabled). Likewise, the listings of the PBR applications filed by Elsner and Zary were considered the primary references, and they completely disclosed the claimed plant varieties. The Board justifiably relied on the foreign sales to show that the public was in possession of the claimed plants and thus that the PBR applications were enabled anticipatory references.

Appellants argue that foreign sales are not prior art and may not be considered within the knowledge of a skilled artisan. However, the precise focus of the analysis

is not whether the foreign sales are themselves § 102(b) prior art, but whether the publication has placed the claimed invention in the possession of the public before the critical date. Thus, foreign sales of the claimed plants may be within the knowledge of the skilled artisan and may be considered to provide the public with access to Appellants' inventions.

We disagree with Appellants that our holding conflicts with *LeGrice*. In that case, the Board had affirmed rejections of plant patent applications based on catalogs depicting the claimed plants. Specifically, the Board stated that a reference did not have to be enabled to anticipate a claim. In its decision reversing the Board, the Court of Customs and Patent Appeals discussed at length its view that § 102(b) applies to plant patents in the same way that it applies to utility patents, but acknowledged the distinction between plants and other patentable subject matter. 301 F.2d at 935. The court considered that the textual description of manufactured articles, processes, and even chemical compositions can often enable others to practice the invention; however, the mere description of a plant in a catalog may do little to enable one of skill in the art to recreate that claimed plant. *Id.*

The court concluded that Congress had not indicated that § 102(b) should be applied differently to plant patents than to other inventions, and the court reiterated that "the clause 'described in a printed publication' has been interpreted with respect to whether the publication has in fact conveyed such knowledge of an invention to the public as to put the public in possession of the invention." *Id.* at 936. Thus, the court held that

> it is sound law, consistent with the public policy underlying our patent law, that before any publication can amount to a statutory bar to the grant of a patent, its

disclosure must be such that a skilled artisan could take its teachings *in combination with his own knowledge of the particular art and be in possession of the invention.*

*Id.* Accordingly, the court reversed the Board's decision and held that a disclosure must be enabled to be a statutory bar to a plant patent.

We agree with the PTO that *LeGrice* decided only the narrow issue whether a printed publication of a plant patent that is not enabled is a statutory bar. That decision did not address the manner in which a publication may be enabled, and it did not decide whether other evidence such as the availability of an invention through foreign sales may be considered in determining whether a printed publication enables a skilled artisan to reproduce a claimed plant. In fact, there was no mention of sales in the *LeGrice* opinion. We therefore conclude that *LeGrice* left that issue open, and our decision today is not inconsistent with *LeGrice*.

Additionally, our holding is consistent with the treatment of § 112 enablement in utility patent applications. Specifically, in *In re Argoudelis*, 58 C.C.P.A. 769, 434 F.2d 1390 (1970), the Court of Customs and Patent Appeals held that a utility patent claiming antibiotic compounds produced by a microorganism was enabled by depositing the microorganism in a public depository. Importantly, the court noted that "because of the particular area of technology involved," an applicant may not be able to "sufficiently disclose by written word how to obtain the microorganism starting material from nature." *Id.* at 1392. The court acknowledged that "[a]ny person skilled in the art with access to the pending application ... can reproduce the invention from the written disclosure as it was originally filed." *Id.* at 1393. The *Argoudelis* court thus recognized that the

deposit procedures permitted public access to the microorganism, and that such access adequately satisfied the § 112 enablement requirement. *Id.* at 1394; *see also In re Paulsen,* 30 F.3d 1475, 1481 n. 9 (Fed.Cir. 1994) (describing the connection between § 112 enablement and the enablement requirement of § 102(b) prior art). It is important to note that it was not mere possession of the microorganism that was important in *Argoudelis,* but such possession that enabled one of ordinary skill to make the claimed invention. Similarly here. Just as the public had access to the microorganism in *Argoudelis,* so too might the public have had access through the foreign sales to the plant varieties that Elsner and Zary claim.

Nevertheless, although we agree with the PTO that foreign sales may enable an otherwise non-enabling publication, we find that factual issues remain with respect to the accessibility of the foreign sales of the claimed plants and the reproducibility of the plants. The Board did not specifically address how readily one skilled in the art could have learned of the foreign sales from the printed PBR applications. In the present appeals, the examiners discovered the PBR applications through a search of the relevant PBR database. They subsequently asked Appellants to provide copies of the applications, as well as any additional information regarding the claimed plant varieties. Both appellants responded that the claimed plants had been on sale in foreign countries. It is unclear, however, whether a skilled artisan would have known of the foreign sales. The foreign sale must not be an obscure, solitary occurrence that would go unnoticed by those skilled in the art. Its availability must have been known in the art, just as a printed publication must be publicly available. *See In re Bayer,* 568 F.2d 1357, 1361 (CCPA 1978) ("[A] printed document may qualify as a 'publication' under 35 U.S.C.

§ 102(b) ... so long as accessibility is sufficient to raise a presumption that the public concerned with the art would know of the invention." (quotation omitted)). We have stated before with respect to prior art references that "[a]ccessibility goes to the issue of whether interested members of the relevant public could obtain the information if they wanted to." *Constant v. Advanced Micro–Devices, Inc.,* 848 F.2d 1560, 1569 (Fed.Cir.1988).

Moreover, the Board did not find that, even if the interested public would readily know of the foreign sales, those sales enabled one of ordinary skill in the art to reproduce the claimed plants without undue experimentation. Such a determination is critical to the question whether the foreign sales would enable the printed publications.

We therefore remand both cases for further factual findings relating to the accessibility of the foreign sales of the claimed plants and the reproducibility of the claimed plants from the plants that were sold.

CONCLUSION

Because the record must be developed further with respect to the foreign sales of Elsner's Pendec geranium and Zary's JA-Copper rose variety, we vacate the Board's decisions and remand the cases for additional proceedings.

*VACATED AND REMANDED.*