NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: GILBERT C. GEE,**
*Appellant*

---

2015-1145

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 10/602,404.

---

Decided: June 8, 2015

---

DAVID E. BENNETT, Coats & Bennett, PLLC, Cary, NC, for appellant.

NATHAN K. KELLEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee. Also represented by SARAH EMILY CRAVEN, AMY J. NELSON.

---

Before LOURIE, PLAGER, and DYK, *Circuit Judges.*

PER CURIAM.

Gilbert C. Gee ("Gee") appeals from the decision of the United States Patent and Trademark Office ("PTO") Patent Trial and Appeal Board ("Board"), affirming the Examiner's decision to reject claims 38, 39, and 41–43 of

Gee's U.S. Patent Application 10/602,404 (the "'404 appli-cation") under 35 U.S.C. § 103(a) (2006) and claims 38 and 41–43 under 35 U.S.C. § 112 ¶ 2 (2006). *See Ex Parte Gee*, No. 2012-001041, 2014 WL 1446589 (P.T.A.B. Apr. 11, 2014) ("*Board Decision*"), *aff'd on reh'g*, 2014 WL 3840551 (P.T.A.B. Aug. 1, 2014) ("*Rehearing Decision*"). Because the Board did not err in concluding that the claims of the '404 application would have been obvious, we affirm.

BACKGROUND

Gee owns the '404 application, which is directed to a method of treating a viral infection, such as one caused by the Herpes Simplex Virus ("herpes"), with a mixture of coffee grounds and honey. According to the application, "[i]t is suspected that the combination of a bee product and caffeine produces . . . a synergistic effect that inhibits replication of the virus more so than would treatment with either caffeine or bee product alone." J.A. 32. Inde-pendent claim 38, which is representative of the claims on appeal, reads as follows:

> 38. A method for the treatment of a viral infection comprising:
>
> a) forming a mixture of coffee grounds and honey; and
>
> b) treating a virus that causes the viral infection with said coffee grounds-honey mixture.

J.A. 309.

The PTO Examiner rejected claims 38, 39, and 41–43 under § 103(a) as unpatentable over U.S. Patent 5,382,436 ("Potts") in view of: (1) Linda White & Steven Foster, *The Herbal Drugstore: The Best Natural Alterna-tives to Over-the-Counter Prescription Medicines!* (2000) ("White"); (2) U.S. Patent 6,953,574 ("Sobol"); (3) U.S. Patent 5,952,373 ("Lanzendörfer"); and (4) U.S. Patent

Application 2003/0086986 ("Bruijn"). The Examiner also rejected claims 38 and 41–43 under § 112 ¶ 2.

Gee appealed to the Board, which affirmed the Examiner's obviousness rejection of claims 38, 39, and 41–43 based on Potts in view of White, Sobol, Lanzendörfer, and Bruijn. *Board Decision* at \*4. The Board found that it would have been obvious to combine coffee grounds and honey, each known to treat herpes, to form a third composition also used for the treatment of herpes. *Id.* at \*3.

The Board also affirmed the Examiner's indefiniteness rejection of claims 38 and 41–43. *Id.* at \*2. The Board found the claimed "treating" step in claim 38 to be ambiguous because of the difference between Gee's interpretation that one skilled in the art would inherently know to apply the mixture topically and the Examiner's interpretation based on the specification that the claims could include orally consuming the mixture. *Id.* The Board concluded that any ambiguity should be removed from claim 38 by clarifying that the treatment is intended to be a topical application. *Id.*

Gee requested rehearing, but the Board "adhere[d] to the original Decision affirming the Examiner's rejections." *Rehearing Decision* at \*1. In response to Gee's argument that the Board incorrectly applied an obvious-to-try rationale in the obviousness rejection, the Board found that Gee had presented insufficient evidence to establish that the claimed combination of coffee grounds and honey produced any unexpected results. *Id.* at \*3. The Board reasoned that the specification's assertion of a possible synergistic effect, without supporting evidence, failed to overcome the prima facie case of obviousness. *Id.*

The Board also maintained the Examiner's indefiniteness rejection, finding the claims to be vague as to the scope of "treating." *Id.* at \*1. The Board reaffirmed the ambiguity between topical and oral administration, explaining that "the ambiguity is whether the virus itself

is being treated, or whether it is the infection caused by the virus (in the form of sores) that is being treated." *Id.* The Board concluded that "[w]hichever interpretation [Gee] has settled on can be incorporated into the claim language, thereby removing any ambiguity as to what is required by 'treating a virus.'" *Id.* at *2.

Gee timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's legal determinations *de novo*, *In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004), and the Board's factual findings underlying those determinations for substantial evidence, *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000). A finding is supported by substantial evidence if a reasonable mind might accept the evidence to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Obviousness is a question of law based on several underlying factual findings, *In re Baxter*, 678 F.3d 1357, 1361 (Fed. Cir. 2012), including what a reference teaches, *Rapoport v. Dement*, 254 F.3d 1053, 1060–61 (Fed. Cir. 2001).

Gee argues that the Board erred because, although the prior art discloses the use of coffee grounds and honey individually to treat a virus, none of the prior art discloses the use of a combination of coffee grounds and honey to treat a virus. Gee further contends that the Board's sole reason for combining coffee grounds and honey was that both have been used in the past to treat viral infections; Gee argues, however, that the Board's reasoning is insufficient where, as here, the universe of possible combinations is large and there is no indication in the prior art as to which of the possible combinations are likely to be successful.

The Director responds that substantial evidence supports the Board's findings that it would have been obvious

to combine coffee grounds and honey to treat a virus based on the combined teachings of Potts, White, and Sobol—which collectively teach the individual uses of caffeine from coffee grounds and honey to treat viral infections—and achieve the same result achieved by either product alone. To the extent the Board applied an obvious-to-try rationale, the Director argues that the Board correctly found that Gee's claimed invention would have been obvious to try because the specification's assertion of a synergism for the combination of honey and caffeine provided insufficient evidence of unexpected results.

We agree with the Director that substantial evidence supports the Board's finding that claims 38, 39, and 41–43 would have been obvious based on Potts in view of White, Sobol, Lanzendörfer, and Bruijn. "[W]hen a patent 'simply arranges old elements with each performing the same function it had been known to perform' and yields no more than one would expect from such an arrangement, the combination is obvious." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 417 (2007) (quoting *Sakraida v. Ag Pro, Inc.*, 425 U.S. 273, 282 (1976)). Gee does not dispute that the prior art teaches the individual use of coffee grounds and honey to treat viral infections. Indeed, as the Board found: (1) Potts teaches the use of a beeswax-based formulation with caffeine to prevent herpes cold sores, *Board Decision* at *2; (2) White recommends the use of coffee grounds to treat herpes-associated sores because the caffeine in coffee inhibits herpes, *id.*; and (3) Sobol teaches that compositions containing a variety of ingredients, including honey, have a broad spectrum of therapeutic activity, including activity against viruses such as herpes, *id.* at *3.

It would thus have been obvious to combine coffee grounds and honey, each of which is taught by the prior art to be useful for treating viral infections, to create a third composition which is also useful for treating viral

infections. *In re Kerkhoven*, 626 F.2d 846, 850 (CCPA 1980) (citations omitted). The use of the combination of coffee grounds and honey to treat viral infections is nothing "more than the predictable use of prior art elements according to their established functions." *KSR*, 550 U.S. at 417.

The Board also correctly relied on the obvious-to-try rationale because Gee failed to provide evidence that the combination of coffee grounds and honey in a single composition yields a composition with unexpected results. *See In re Crockett*, 279 F.2d 274, 276 (CCPA 1960) (The "joint use [of magnesium oxide and calcium carbide] is not patentable" where the prior art teaches "that both magnesium oxide and calcium carbide, individually, promote the formation of a nodular structure in cast iron, and it would be natural to suppose that, in combination, they would produce the same effect and would supplement each other."). As Gee acknowledges, coffee grounds and honey have each proven to be individually successful in treating viral infections. The specification of the '404 application states that "[i]t is suspected that the combination of a bee product and caffeine produces . . . a synergistic effect." J.A. 32. But unsupported statements in the specification will not support a finding of unexpected results. *In re De Blauwe*, 736 F.2d 699, 705 (Fed. Cir. 1984). Gee has thus failed to identify evidence showing that the combination of coffee grounds and honey in a single composition provides unexpected results. As a result, we conclude that the Board did not err in affirming the Examiner's decision that claims 38, 39, and 41–43 would have been obvious over Potts in view of White, Sobol, Lanzendörfer, and Bruijn.

Because we conclude that the Board did not err in affirming the Examiner's conclusion that claims 38, 39, and 41–43 would have been obvious, we do not need to reach the rejection of claims 38 and 41–43 under § 112 ¶ 2.

CONCLUSION

We have considered the remaining arguments and find them unpersuasive. For the foregoing reasons, we conclude that claims 38, 39, and 41–43 of the '404 application would have been obvious in view of the prior art and therefore affirm the decision of the Board.

**AFFIRMED**