NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TEAM WORLDWIDE CORPORATION,**
*Appellant*

**v.**

**INTEX RECREATION CORP., BESTWAY (USA), INC.,**
*Appellees*

**KATHERINE K. VIDAL, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2020-1147

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2018-00875.

---

Decided:  October 23, 2023

---

ROBERT M. HARKINS, JR., Cherian LLP, Berkeley, CA, argued for appellant.  Also represented by JAMES MICHAEL WOODS, Washington, DC; TIMOTHY E. BIANCHI,

2   TEAM WORLDWIDE CORPORATION v. INTEX RECREATION CORP.

Schwegman Lundberg & Woessner, PA, Minneapolis, MN.

R. TREVOR CARTER, Faegre Drinker Biddle & Reath LLP, Indianapolis, IN, argued for all appellees. Appellee Intex Recreation Corp. also represented by REID E. DODGE, ANDREW M. MCCOY.

JOHN S. ARTZ, Dickinson Wright PLLC, Ann Arbor, MI, for appellee Bestway (USA), Inc. Also represented by STEVEN A. CALOIARO, Reno, NV.

THOMAS W. KRAUSE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for intervenor. Also represented by DANIEL KAZHDAN, FARHEENA YASMEEN RASHEED.

––––––––––––––

Before LOURIE, DYK, and TARANTO, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Team Worldwide Corporation ("Team Worldwide") appeals from a decision of the U.S. Patent and Trademark Office Patent Trial and Appeal Board ("the Board") holding that claims 1, 7, and 11–14 of U.S. Patent 7,346,950 are unpatentable as anticipated by U.S. Patent 6,018,960 ("Parienti") as well as U.S. Patent 7,039,972 ("Chaffee"). *Intex Recreational Corp. v. Team Worldwide Corp.*, No. IPR2018-00875 (P.T.A.B. Sept. 11, 2019), J.A. 1–96 ("*Decision*"). For the following reasons, we *affirm*.

## BACKGROUND

This appeal pertains to an *inter partes* review ("IPR") in which Intex Recreation Corporation ("Intex") challenged claims 1, 7, and 11–14 of the '950 patent. The '950 patent is directed to an inflatable product, like an air mattress, with a built-in pump. *See, e.g.*, '950 patent, col. 8 l. 55–col. 9 l. 3. Intex asserted multiple grounds of invalidity against the challenged claims, including anticipation by both

Parienti and Chaffee.  During the IPR, the Board construed "built in" to mean "integrated into and not detachable (or readily removed) from" and construed "pack" to mean "container."  *Decision* at 20–21.  The Board then found each of the challenged claims anticipated by both Parienti, *id.* at 22–52, and Chaffee, *id.* at 52–84.

Team Worldwide appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141(c).

## DISCUSSION

We review the Board's legal determinations *de novo, In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004), and the Board's factual findings for substantial evidence, *In re Gartside,* 203 F.3d 1305, 1316 (Fed. Cir. 2000).  A finding is supported by substantial evidence if a reasonable mind might accept the evidence as adequate to support the finding.  *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Team Worldwide contends that the Board erred in finding that Parienti and Chaffee each anticipated the challenged claims.  In particular, Team Worldwide contends that the Board erred in determining that Chaffee taught an anticipatory embodiment in which its pack was not detachable or readily removed from the mattress wall.  *Decision* at 63–79. We see no error in the Board's anticipation determination as to Chaffee, *Decision* at 63–79, and conclude that it was supported by substantial evidence.  Because we affirm the Board's decision as to Chaffee, we need not discuss its holdings on Parienti.

## CONCLUSION

We have considered Team Worldwide's remaining arguments and do not find them persuasive.  For the foregoing reasons, we *affirm* the Board's final written decision.

### **AFFIRMED**