NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE:  KAREN CHAPMAN,**
*Appellant*

---

2019-1895

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 14/675,320.

---

Decided:  May 11, 2020

---

CLIFFORD JAY MASS, Ladas & Parry LLP, New York, NY, for appellant.

KAKOLI CAPRIHAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrei Iancu.  Also represented by THOMAS W. KRAUSE, FARHEENA YASMEEN RASHEED, PETER JOHN SAWERT.

---

Before NEWMAN, LOURIE, and STOLL, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Karen Chapman appeals from the decision of the United States Patent and Trademark Office Patent Trial and Appeal Board ("the Board") affirming the examiner's rejection of all pending claims of U.S. Patent Application

14/675,320 ("the '320 application").  *Ex parte Chapman¸* No. 2018-007101 (P.T.A.B. Mar. 15, 2019) ("*Decision*").  For the reasons stated below, we *affirm*.

### BACKGROUND

Chapman applied for a patent on methods and systems for streaming live events.  According to the specification of the '320 application, a fixed video camera or multiple fixed-position cameras are used to capture images from a single perspective.  The system allows the user to view the images or video and manipulate them (*i.e.*, by zooming in and out and panning the camera).

In this appeal, the parties argue about the three independent claims in the application, claims 1, 9, and 21.  Claim 1 recites "[a] method for viewing an event which consists essentially of receiving a stream of images by a receiver comprising a display screen, wherein the stream of images is captured by" either a "single camera" with a "fixed perspective at a wide angle" or a "plurality of cameras," which also provide a "single fixed perspective at a wide angle."  J.A. 284.  A "receiver" is "connected to a separate touchplate, wherein said touchplate is adapted to control . . . and to move" the viewed images or video without "changing the fixed perspective" of the camera feed.  *Id.*  Claim 9 recites a "system" for viewing an event consisting essentially of a camera and a receiver connected to a touchplate operating in the manner as described in claim 1.  J.A. 285.  Claim 21 recites a "method" similar to claim 1, but with the transitional phrase "comprising" instead of "consisting essentially of."  J.A. 286.

The examiner rejected these independent claims as obvious over Choi[1] in view of Aman[2] and Franko.[3]  Choi

---

[1]  U.S. Patent App. Pub. 2011/0265118.

[2]  U.S. Patent App. Pub. 2007/0279494.

[3]  U.S. Patent App. Pub. 2008/0136839.

teaches an apparatus to display streamed video, which can include an external camera for capturing images. Choi ¶ 199. Choi's apparatus includes a remote controller with a touchpad that can control the images on the display. *Id.* at ¶ 281. Aman teaches capturing a stream of images from a single, fixed perspective at a wide angle to produce a display having a 3D appearance. Aman ¶ 41. Franko teaches moving video images on a display to pan across the image without altering a fixed perspective. Franko ¶ 40. As relevant here, in analyzing claims 1 and 9, the examiner assigned no patentable weight to the "consisting essentially of" transitional phrase because it is part of the preambles in claims 1 and 9.

Chapman appealed to the Board, and the Board agreed with the examiner's factfinding regarding the references, explaining that a skilled artisan would have been motivated to combine the teachings of the references using known methods and yielding predictable results. *Decision*, slip op. at 8. The Board deviated, however, from the examiner's analysis of the "consisting essentially of" language of claims 1 and 9. According to the Board, the "consisting essentially of" language limits the scope of the claims to specified materials or steps and those that do not materially affect the basic and novel properties of the invention. Chapman argued that the basic and novel property of the invention is the use of a camera or cameras that provide images to a viewer from a single, fixed perspective only to replicate the experience of a viewer when he or she attends a live performance in person. *Id.* at 10. But the Board found this property to be merely "a generalized intended benefit of the invention" and not sufficiently clear or definite in scope to limit the claims. *Id.* The Board further found that, even if the basic and novel property were to be considered, Aman disclosed it by teaching filming a sporting event from a single, fixed perspective that would stimulate the experience of viewing the event in person from a vantage point above the event. *Id.* at 10–11.

Chapman appealed.  We have jurisdiction under 28 U.S.C. § 1295(a)(4)(a).

## DISCUSSION

We review the Board's legal determinations *de novo*, *In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004), and its fact findings for substantial evidence, *In re Gartside*, 203 F.3d 1305, 1316 (Fed. Cir. 2000).  A finding is supported by substantial evidence if a reasonable mind might accept the evidence as sufficient to support the finding.  *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Chapman argues that the Board erred in its interpretation of the claim language and in its overall obviousness analysis.  Specifically, contrary to the Board's opinion, Chapman argues that the preambles are limiting and should be construed to limit the invention to streaming entire "events," that the basic and novel property of the invention narrows the prior art that is relevant to the claims, that the Board relied on a different ground of rejection than the examiner, and that the claims would not have been obvious under either the Board's or the examiner's analysis.

We disagree.  As a preliminary matter, Chapman did not argue that the term "event" required construction, so this argument is waived on appeal.  *See In re Baxter Int'l, Inc.*, 678 F.3d 1357, 1362 (Fed. Cir. 2012) (first citing *In re DBC*, 545 F.3d 1373, 1379–80 (Fed. Cir. 2008); then citing *In re Watts*, 354 F.3d 1362, 1367–68 (Fed. Cir. 2004)).  Chapman's argument that the Board relied on a different ground of rejection than the examiner is also waived because Chapman failed to raise it below.  *See* 37 C.F.R. § 41.50(c) (2011) (requiring petitioners to raise the Board's failure to designate a new ground of rejection in a timely request for rehearing).

On appeal, Chapman provides a new formulation of the basic and novel properties of the invention, arguing that there are two: (1) provision of a stream of images of an

event to a viewer from a single, fixed perspective and to enable a viewer to select what images from the single, fixed perspective to display on a display screen, and (2) the elimination of the need for multiple camera complexity in so doing. This formulation of the basic and novel properties appears to be simply a statement of the general, intended benefit of the invention. But even if we were to read the statement as limiting the scope of the claims, the Board correctly found that Aman teaches simulating the experience of viewing an event from an overhead vantage point, which a person of skill in the art would have understood teaches using one or more fixed cameras filming from a fixed, overhead view. Aman ¶ 78.

Chapman also challenges the Board's obviousness conclusion as lacking substantial evidence, but we disagree. Choi, Aman, and Franko teach the display monitor, a camera, the action of capturing images from a fixed perspective, and a separate touchplate. Aman teaches using a fixed overhead view for filming sporting events, and a person of skill would have understood that statement to teach that a single fixed camera, as well as multiple fixed cameras, could be used to film such events. To the extent Chapman now argues teaching away, Aman does not teach away from using wide-angle lenses, and the Board's factfinding is entitled to deference.

## CONCLUSION

We have considered Chapman's remaining arguments but find them unpersuasive. Accordingly, the decision of the Board is affirmed.

## **AFFIRMED**