NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**IN RE: THOMAS VOTEL, ANDREW OLSON, DOMINIQUE ARIS,**
*Appellants*

―――――――――――

2020-2274

―――――――――――

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 14/552,584.

―――――――――――

Decided: May 10, 2021

―――――――――――

RANDALL THOMAS SKAAR, Skaar Ulbrich Macari, P.A., Minnetonka, MN, for appellants.

MAUREEN DONOVAN QUELER, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Andrew Hirshfeld. Also represented by MAI-TRANG DUC DANG, THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED.

―――――――――――

Before DYK, LINN, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Patent applicants Thomas Votel, Andrew Olson, and Dominique Aris (collectively "appellants") appeal a

decision of the United States Patent Trial and Appeal Board ("Board") affirming the Examiner's rejection of their application under 35 U.S.C. § 103. We *affirm*.

## BACKGROUND

On November 25, 2014, appellants filed U.S. Patent Application No. 14/552,584 (the "'584 application"). The '584 application is directed to protective eyewear with vents cut into the temple pieces of the frame. The vents are intended to both allow airflow and receive a "clip key," so that the wearer may attach accessories such as ear plugs or a strap. This appeal centers on claim 1, the only independent claim, which the Board found illustrative. Appellants raise no separate arguments as to the other claims. Claim 1 recites:

Protective eyewear comprising:

a frame;

the frame containing two protective lens [sic];

two rigid temple pieces;

each rigid temple piece being connected to an opposite end of the frame by a hinge;

each rigid temple piece having an opening adjacent the hinge;

each opening being partitioned into at least two vents;

each of the at least two vents configured to allow air flow therethrough;

each of the at least two vents configured to receive a key;

a clip having a protruding key configured to be received by any one of the at least two vents; and,

wherein when the clip key is engaged in any one of the at least two vents, the remaining vents in the rigid temple remain open to allow air flow therethrough.

J.A. 2.

On January 11, 2018, the Examiner issued a final rejection of the '584 application, finding all claims unpatentable as obvious. With respect to claim 1, the Examiner's analysis relied on two prior art references, both of which are directed to eyewear: U.S. Patent No. 6,513,925 ("Bonacci") and U.S. Patent No. 7,419,260 ("Wang"). The Examiner concluded that Bonacci discloses each limitation of claim 1 except for the clip key, which is taught by Wang, and that it would have been obvious to combine the vents of Bonacci with the clip structure of Wang. Similarly, in its review, the Board found motivation to combine insofar as a person of ordinary skill would have readily inferred that a vent in Bonacci could be modified to accommodate the clip key in Wang.

Appellants appealed to the Board. The Board affirmed the rejections under § 103. Appellants appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

A patent may not be granted "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103. We review the Board's legal determinations de novo and its underlying factual findings for substantial evidence. *In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004).

"During examination, claim terms are given their broadest reasonable interpretation consistent with the

specification as understood by those of ordinary skill in the art." *In re Hodges*, 882 F.3d 1107, 1115 (Fed. Cir. 2018).

Appellants first argue that the Board did not properly construe the term "vents," and that under the proper construction, Bonacci does not disclose "vents" in the temple pieces of the eyewear. Bonacci claims a design for floating eyewear in which openings are cut into the temple pieces of the frame; float pads made of "closed cell foam sponge" are then fitted into the openings to allow the eyewear to float. *See* J.A. 421, col. 7, ll. 11–12. Appellants argue that the openings in Bonacci are not "vents" because they are plugged with sponge material that does not allow airflow.

The Board, for its part, noted that the '584 application does not define or limit the term "vent," and explained that "it is common knowledge that vents often have filters located therein or even covers/shutters." J.A. 4. The Board further determined that the foam float pads in Bonacci would still likely allow some airflow when fitted into the openings. And the Board observed that the "vents" in the '584 application are themselves designed to have a clip key inserted into them, thereby obstructing airflow. The Board thus concluded that the openings in Bonacci constitute "vents" within the meaning of claim 1. Appellants concede that "there is no evidence of record" that "closed cell foam" would not allow airflow and rely only on "the somewhat obvious implication" of the term. Appellants' Br. at 7. We see no error in the Board's determination.

As to Wang, Appellants concede that Wang discloses a clip key structure for attaching an accessory to the frame but argue that the clip key in Wang is not configured to be inserted into a vent. The Board explained that the openings of Bonacci may be of any number and shape and that not all of the openings need be filled with buoyant material. The Board concluded that a person of ordinary skill "would have readily inferred that openings in Bonacci may also be configured to receive a key of a clip for an eyewear

accessory, as Wang exemplifies." J.A. 5–6. We see no error in the Board's determination that this combination is within the scope of "the inferences and creative steps that a person of ordinary skill in the art would employ." *See KSR Int'l Co v. Teleflex Inc.*, 550 U.S. 398, 418 (2007). We affirm the Board's decision that claim 1 would have been obvious over the combined teachings of Bonacci and Wang.

## AFFIRMED