**In re Mitchell R. SWARTZ**

No. 00–1108.

United States Court of Appeals,
Federal Circuit.

Nov. 8, 2000

Rehearing Denied Dec. 6, 2000.

Dr. Mitchell Swartz, pro se, of Wellesley Hills, Massachusetts.

Albin F. Drost, Acting Solicitor, U.S. Patent and Trademark Office, of Arlington, Virginia, for the Director of the United States Patent and Trademark Office. With him on the brief were John M. Whealan, Acting Deputy Solicitor, Mark Nagumo and Stephen Walsh, Associate Solicitors. Of counsel were Maximilian R. Peterson and Nancy C. Sluter, Associate Solicitors.

Eugene F. Mallove, Sc.D., amicus curiae, New Energy Research Laboratory, of Concord, New Hampshire.

Scott R. Chubb, Ph.D., amicus curiae, Research Physicist, Research Systems, Inc., of Burke, Virginia.

Before PLAGER, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Mitchell R. Swartz appeals from the decision of the United States Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board), Appeal No. 94–2920, affirming the examiner's final rejection of claims 25–48 of application Serial No. 07/760,970 for lack of operability or utility under 35 U.S.C. § 101 and lack of enablement under 35 U.S.C. § 112, ¶ 1. We affirm the Board's decision.

■ The questions of whether a specification provides an enabling disclosure under § 112, ¶ 1, and whether an application satisfies the utility requirement of § 101 are closely related. *Process Control Corp. v. HydReclaim Corp.,* 190 F.3d 1350, 1358, 52 USPQ2d 1029, 1034 (Fed.Cir. 1999). To satisfy the enablement requirement of § 112, ¶ 1, a patent application must adequately disclose the claimed invention so as to enable a person skilled in the art to practice the invention at the time the application was filed without undue experimentation. *Enzo Biochem, Inc. v. Calgene, Inc.,* 188 F.3d 1362, 1371–72, 52 USPQ2d 1129, 1136 (Fed.Cir.1999). The utility requirement of § 101 mandates that the invention be operable to achieve useful results. *See Brooktree Corp. v. Advanced Micro Devices, Inc.,* 977 F.2d 1555, 1571, 24 USPQ2d 1401, 1412 (Fed.Cir.1992). Thus, if the claims in an application fail to meet the utility requirement because the invention is inoperative, they also fail to meet the enablement requirement because a person skilled in the art cannot practice the invention. *See Process Control,* 190 F.3d at 1358, 52 USPQ2d at 1034; *see also In re Ziegler,* 992 F.2d 1197, 1200, 26 USPQ2d 1600, 1603 (Fed.Cir.1993) ("The how to use prong of section 112 incorporates as a matter of law the requirement of 35 U.S.C. § 101 that the specification disclose as a matter of fact a practical utility for the invention."). Lack of utility is a question of fact, *In re Cortright,* 165 F.3d 1353, 1356, 49 USPQ2d 1464, 1465 (Fed. Cir.1999), and the absence of enablement is a legal conclusion based on underlying factual inquiries, *Enzo,* 188 F.3d at 1369, 52 USPQ2d at 1134. In appeals from the Board, we review questions of fact for substantial evidence. *In re Gartside,* 203 F.3d 1305, 1315, 53 USPQ2d 1769, 1775 (Fed.Cir.2000). We exercise independent review over the conclusion of whether a disclosure is enabling. *Enzo,* 188 F.3d at 1369, 52 USPQ2d at 1134.

864

The PTO has the initial burden of challenging a patent applicant's presumptively correct assertion of utility. *In re Brana*, 51 F.3d 1560, 1566, 34 USPQ2d 1436, 1441 (Fed.Cir.1995). If the PTO provides evidence showing that one of ordinary skill in the art would reasonably doubt the asserted utility, however, the burden shifts to the applicant to submit evidence sufficient to convince such a person of the invention's asserted utility. *Id.* Here the PTO provided several references showing that results in the area of cold fusion were irreproducible. Thus the PTO provided substantial evidence that those skilled in the art would "reasonably doubt" the asserted utility and operability of cold fusion. The examiner found that Mr. Swartz had not submitted evidence of operability that would be sufficient to overcome reasonable doubt. After its review of the evidence, the Board found that Mr. Swartz had "produced no persuasive objective evidence, in our view, that overcomes the examiner's position."

Regarding the enablement requirement, the PTO found that the written description in Mr. Swartz's application contains no disclosure of any operative embodiment. Thus, in order to practice the claimed invention, a person of ordinary skill in the art would have had to rely on the art known at the filing date, September 19, 1991. For reasons similar to those forming the basis for his finding that Mr. Swartz had not submitted evidence of operability, the examiner found that Mr. Swartz had not submitted evidence that the concept of the invention could have been practiced by a person skilled in the art at the time of the invention without undue experimentation. The Board found that Mr. Swartz's arguments did not overcome the examiner's position, and accordingly sustained the examiner's enablement rejection.

On this appeal, Mr. Swartz complains that the Board "ignored" evidence that he submitted and disregarded his arguments, and he invites this Court to examine volu-

minous record material that he urges supports his position on the issue of utility. Such conclusory allegations in an appeal brief are quite insufficient to establish that the Board's decision on the issue of utility is not supported by substantial evidence or to establish that the Board's ultimate conclusion of a lack of enablement is incorrect as a matter of law.

Finally, Mr. Swartz's attempt to show that his claims are directed to a process other than cold fusion must fail. In his written description and throughout prosecution of his application, Mr. Swartz continually represented his invention as relating to cold fusion.

For the reasons discussed above, the Board did not err in concluding that the utility of Mr. Swartz's claimed process had not been established and that his application did not satisfy the enablement requirement. Accordingly, the judgment of the Board is

*AFFIRMED.*