NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**IN RE: WILLIAM HENRY STARRETT, JR.,**
*Appellant*

_____

2022-2209

_____

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 15/299,124.

_____

Decided:  June 8, 2023

_____

WILLIAM STARRETT, JR., Richardson, TX, pro se.

ROBERT MCBRIDE, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Katherine K. Vidal.  Also represented by THOMAS W. KRAUSE, AMY J. NELSON, FARHEENA YASMEEN RASHEED, MICHAEL TYLER.

_____

Before LOURIE, DYK, and TARANTO, *Circuit Judges*.

PER CURIAM.

William Henry Starrett, Jr., appeals from a decision of the United States Patent and Trademark Office Patent Trial and Appeal Board ("the Board") affirming an Examiner's rejection of the pending claims of U.S. Patent

Application 15/299,124 ("the '124 application") as unpatentable based on various grounds. *Ex parte William Henry Starrett Jr.*, No. 2021-002543, 2022 WL 1198959 (P.T.A.B. Apr. 15, 2022) ("*Decision*"). For the following reasons, we *affirm*.

BACKGROUND

The twenty-two claims of the '124 application generally recite methods, systems, media, and machines for maintaining augmented telepathic data for telepathic communication as a gadget-free extension of human senses. The claimed inventions allegedly maintain data structures representing categories of biological signals in a body such as "Nervous System" and "Sensory System."

Claim 1, reproduced in part below, is representative for purposes of this appeal:

1. A non-transitory computer readable medium containing data representing either of or both data structures and program instructions for generating, analyzing, extending, communicating, integrating, storing, converting, editing, encoding, or maintaining said data structures representing:

[A.] one or more unit of category Nervous System depicting referring expressions relating to nervous system cells, nerves, tissue, electrical or chemical impulses, and trace occurrences related to signaling the communication of information and its processing in a biological body optionally with

[i.] zero, one, or more unit of category Sensory System depicting referring expressions relating to sensory systems cells, nerves, tissue, electrical or chemical impulses, and trace occurrences related to signaling the communication of sensory

information for its interpretation or processing in a biological body and

[ii.] zero, one, or more unit of category Brain and Nerve Activity optionally depicting referring expressions associating Nervous System category units with Sensory System category units . . .

[d.] wherein each Brain and Nerve Activity, Sensory System, Nervous System, Communication, Cognition, Perception, Experience, Imagery, Sound, Symbol, Stimulus, Behavior, and People category unit consisting of

[1)] zero, one, or more members with each member describing one or more object, element, asset, act, condition, process, or product representing zero, one, or more event, status, location, or hierarchical coordinate system and having zero, one, or more relationship, reference, property, description, or dimension of interest wherein

[A)] data structures representing one or more unit in one or more category being generated using

[i)] one or more referring expression and zero, one, or more hierarchical coordinate system by a system incorporating

[a)] at least one transmitter, artificial satellite, receiver, signal, or

ambient field and zero proximate, wearable, or surgically implanted devices, sensors, probes, or electrodes for analyzing, obtaining, and generating information about biological bodies;

[b)] configuration to receive, relay, transmit, or distribute one or more signal wherein at least one signal comprising data representative of information about one or more biological body wherein the processing of biological systems data using at least one machine learning task intelligibly recovering perceived, experienced, remembered, or imagined imagery, sounds, or feelings as one or more computational, visual, auditory, textual, numeric, symbolic, coordinate, or haptic representation; or

[c)] configuration to receive, relay, transmit, or distribute one or more signal wherein at

least one signal trans-
mitting to one or more
biological system in at
least one biological
body wherein one or
more biological system
recovering output sup-
plying a biological body
with at least one intel-
ligible image, sound, or
feeling . . . .

'124 application, claim 1 (formatting and bracketed mate-
rial added by the Board in *Decision* at *1–3).

The Examiner rejected all twenty-two claims for failing
to comply with the written description and enablement re-
quirements of 35 U.S.C. § 112(a) and for indefiniteness un-
der 35 U.S.C. § 112(b). Additionally, the Examiner
rejected claims 15–22 for failing to meet the utility require-
ment of 35 U.S.C. § 101 and rejected claims 1–14 as obvi-
ous under 35 U.S.C. § 103.

Starrett appealed to the Board, asserting that each of
the Examiner's rejections was improper and should be
overturned.

The Board selected claim 1 as representative for its
analysis concerning written description and enablement
under § 112(a), as well as obviousness under § 103. *Deci-
sion* at *3–4. Similarly, the Board selected claim 15 as rep-
resentative for its § 101 utility analysis. *Id.* at *4. The
Board explained that it selected those representative
claims because it found that Starrett did not argue each of
the application's claims separately. *Id.* at *3–4.

In reviewing the Examiner's § 112(a) enablement rejec-
tion, the Board treated representative claim 1 as a genus
claim after identifying that it contains forty-seven "or"
clauses, thereby allowing it to cover over 140 trillion

embodiments. *Id.* at \*7. The Board noted that the Examiner analyzed each of the relevant factors for assessing enablement identified in *In re Wands*, 858 F.2d 731, 737 (Fed. Cir. 1988) and found that they weighed against a finding of enablement. *Id.* at \*9. Although Starrett argued, regarding each *Wands* factor, that claim 1 was "fully enabled" by the application's "laboriously detailed" specification, the Board disagreed with those assertions after finding them conclusory. *Id.* The Board noted that Starrett's contentions essentially amounted to "argu[ing] that if an apparatus is well-known . . . , then any function that [the inventor] claims for that apparatus is also fully enabled." *Id.* at \*10. The Board held that this argument did not respond to the *Wands* factors analysis and affirmed the Examiner's rejection of the claims for lacking enablement. *Id.*

The Board also affirmed each of the Examiner's other rejections, and Starrett filed a request for rehearing, which the Board denied.

Starrett appeals from the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A) and 35 U.S.C. § 141(a).

## DISCUSSION

We review the Board's legal determinations *de novo, In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004), and the Board's factual findings for substantial evidence, *In re Gartside,* 203 F.3d 1305, 1316 (Fed. Cir. 2000). A finding is supported by substantial evidence if a reasonable mind might accept the evidence as adequate to support the finding. *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Starrett asserts that the Board procedurally erred by selecting and evaluating representative claims in its decision, rather than comprehensively addressing each claim individually. Additionally, he argues that the Board erred by affirming each of the Examiner's grounds of rejection.

We first address Starrett's procedural contentions before considering his substantive arguments.

I

Starrett contends that the Board erred in finding that he argued the '124 application's claims as a group with respect to the § 112(a) grounds of rejection, asserting that he comprehensively addressed each claim in his briefs to the Board. Appellant's Br. at 9–10. We disagree.

Regulations governing the Board permit the selection and analysis of representative claims in some circumstances. Pursuant to 37 C.F.R. § 41.37(c)(1)(iv):

> When multiple claims subject to the same ground of rejection are argued as a group or subgroup by [an] appellant, the Board may select a single claim from the group or subgroup and may decide the appeal as to the ground of rejection with respect to the group or subgroup on the basis of the selected claim alone.

That same regulation explains that "the failure of [an] appellant to separately argue claims which [the] appellant has grouped together shall constitute a waiver of any argument that the Board must consider the patentability of any grouped claim separately." *Id.* Furthermore, a "statement which merely points out what a claim recites will not be considered an argument for separate patentability of the claim." *Id.*

Starrett's appeal brief to the Board includes a section titled "3. 35 U.S.C. § 112(a) Rejections (Claims 1–22)." SAppx[1] 134. Although that section contains references to individual claims within the body of its text and subheadings that specifically identify subgroups of claims, those

---

[1]    "SAppx" refers to the Supplemental Appendix filed by the government.

specific mentions do nothing more than summarize the Examiner's reasoning in rejecting the claims and identify what each claim or group of claims recites. Those references do not amount to separate arguments for each claim or subgroup of claims that preclude the selection of representative claims under 37 C.F.R. § 41.37(c)(1)(iv). Additionally, nothing in Starrett's reply brief to the Board supports a finding that he addressed any of the claims separately.

Accordingly, the Board reasonably grouped all of the application's claims together with respect to the § 112(a) grounds of rejection. The Board therefore did not err in applying 37 C.F.R. § 41.37(c)(1)(iv) by selecting claim 1 as representative for its § 112(a) analysis and applying its analysis to all of the application's claims. *See In re Marco Guldenaar Holding B.V.*, 911 F.3d 1157, 1162 (Fed. Cir. 2018) (affirming the Board's selection of a representative claim after holding that "the Board reasonably grouped all of the claims together"); *In re Lovin*, 652 F.3d 1349, 1356–57 (Fed. Cir. 2011) (affirming the Board's selection of representative claims after holding that "the Board has reasonably interpreted [37 C.F.R. §] 41.37 to require applicants to articulate more substantive arguments if they wish for individual claims to be treated separately").

## II

Starrett argues that each ground of rejection should be overturned. We first address the Board's § 112(a) enablement analysis, which applies to all of the application's twenty-two claims. "[T]he absence of enablement is a legal conclusion based on underlying factual inquiries." *In re Swartz*, 232 F.3d 862, 863 (Fed. Cir. 2000) (citing *Enzo Biochem, Inc. v. Calgene, Inc.*, 188 F.3d 1362, 1369 (Fed. Cir. 1999)).

On appeal, Starrett repeats the same contentions that he argued to the Board. Starrett argues that claim 1 is "fully enabled" and that components of the invention are

well known to persons of skill in the art without further argument or evidentiary support. Appellant's Br. at 16. We disagree.

As the Supreme Court recently explained, in affirming a decision of this court:

> If a patent claims an entire class of processes, machines, manufactures, or compositions of matter, the patent's specification must enable a person skilled in the art to make and use the entire class. In other words, the specification must enable the full scope of the invention as defined by its claims. The more one claims, the more one must enable.

*Amgen Inc. v. Sanofi*, 143 S. Ct. 1243, 1254 (2023) (citations omitted).

Here, much is claimed, and little is enabled. Although a finding of enablement is not precluded by a skilled artisan's needing to engage in some measure of experimentation, the extent of that experimentation must be reasonable. *Id.* at 1255. The determination as to whether the extent of experimentation is undue or reasonable is informed by the eight *Wands* factors. *In re Wands*, 858 F.2d at 737.

In this case, the Board's factual findings underpinning its enablement determination are supported by substantial evidence. Nothing in the '124 application's specification or claims undermines the Board's reliance on the Examiner's *Wands* factors analysis or the Board's determination that Starrett's contentions were merely conclusory. The application's disclosure of a broad and abstract organizational structure used to accomplish the maintenance of augmented telepathic data amounts to little more than a "research assignment" requiring a skilled artisan to undertake undue experimentation to discover what types of devices are encompassed by the claim limitations and how they would function. *Amgen*, 143 S. Ct. at 1256; *see*

*also Enzo Biochem*, 188 F.3d at 1374 (finding a lack of enablement after determining that "the specifications provide no more than a 'plan' or 'invitation' for those of skill in the art to experiment . . . ; they do not provide sufficient guidance or specificity as to how to execute that plan" (citations omitted)); *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1359 (Fed. Cir. 2010) (Newman, J., additional views) ("[T]he overriding policy of patent systems requires both written description and enablement, and it is less critical to decide which statutory clause applies in a particular case, than to assure that both requirements are met. . . . [T]he threshold in all cases requires a transition from theory to practice, from basic science to its application, from research plan to demonstrated utility."); *Fiers v. Revel*, 984 F.2d 1164, 1171 (Fed. Cir. 1993) (explaining that the written description requirement of § 112 requires disclosing more than a mere "wish" or "plan").

Claim 1, as with other claims in the '124 application, is rife with broad, vague concepts, including, but not limited to, "one or more unit of category Nervous System depicting referring expressions relating to nervous system cells, nerves, tissue, electrical or chemical impulses, and trace occurrences related to signaling the communication of information and its processing in a biological body," "a system incorporating at least one transmitter, artificial satellite, receiver, signal, or ambient field and zero proximate, wearable, or surgically implanted devices, sensors, probes, or electrodes for analyzing, obtaining, and generating information about biological bodies," and a "configuration to receive, relay, transmit, or distribute one or more signal wherein at least one signal transmitting to one or more biological system in at least one biological body wherein one or more biological system recovering output supplying a biological body with at least one intelligible image, sound, or feeling." '124 application, claim 1.

Hence, like the Board, we find Starrett's arguments on enablement conclusory and unresponsive. Although a

skilled artisan's familiarity with the components of a claimed invention is relevant under several *Wands* factors (*e.g.*, nature of the invention, state of the prior art), it is not dispositive of enablement on its own. Furthermore, the Examiner's discussion of the *Wands* factors properly faulted the specification for failing to describe *how* the claim elements function. SAppx 49, 51–52. As we have explained, "[a]lthough the knowledge of one skilled in the art is indeed relevant, the novel aspect of an invention must be enabled in the patent." *Auto. Techs. Int'l, Inc. v. BMW of N. Am., Inc.*, 501 F.3d 1274, 1283 (Fed. Cir. 2007). Starrett's arguments on appeal do not address how the '124 application's disclosures enable novel functions of allegedly well-known components, other than by facially asserting that claim 1 is "fully enabled." Moreover, Starrett fails to address any of the other *Wands* factors.

Accordingly, we affirm the Board's rejection of claims 1–22 as lacking enablement under § 112(a).

CONCLUSION

As we have affirmed a ground of rejection applicable to all of the claims in this appeal, we need not address Starrett's remaining arguments regarding the other grounds of rejection. For the foregoing reasons, we *affirm* the Board's rejection of claims 1–22 of the '124 application.

**AFFIRMED**