NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BILLJCO, LLC,**
*Appellant*

**v.**

**APPLE INC.,**
*Appellee*

---

2023-2417

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2022-00427.

---

Decided: March 26, 2025

---

COURTLAND COLLINSON MERRILL, Saul Ewing Arnstein & Lehr LLP, Minneapolis, MN, argued for appellant. Also represented by JOSEPH KUO, BRIAN MICHALEK, ELIZABETH A. THOMPSON, Chicago, IL; BRIAN LANDRY, Boston, MA.

FAN ZHANG, Ropes & Gray LLP, Washington, DC, argued for appellee. Also represented by DOUGLAS HALLWARD-DRIEMEIER; JAMES RICHARD BATCHELDER, CHRISTOPHER M. BONNY, JAMES LAWRENCE DAVIS, JR., East Palo Alto, CA; BRIAN LEBOW, CASSANDRA B. ROTH, New

York, NY; LARISSA S. BIFANO, DLA Piper US LLP, Boston, MA.

————————————

Before LOURIE, REYNA, and TARANTO, *Circuit Judges*.

REYNA, *Circuit Judge*.

BillJCo, LLC appeals from the final written decision of the U.S. Patent Trial and Appeal Board that claims 1–3, 9, 11–13, and 19–20 of the '011 patent are unpatentable as obvious. We affirm.

## BACKGROUND

BillJCo, LLC ("BillJCo") owns U.S. Patent No. 10,292,011 (the "'011 patent"), which relates to providing peer-to-peer location based services for mobile data processing systems ("MS"). '011 patent, 1:36–44. The patent explains that the prior art needed methods for providing "features and functionality" based on a mobile device's location, even if the device was not equipped for being located. *Id.* at 3:65–67. The patent sought to address this need. The patent describes an exemplary embodiment where content is delivered from a local MS to nearby MSs for either alerts, in response to entering or leaving an area, or other conditions related to nearby MSs. *Id.* at 12:29–32.

Claims 1–3, 9, 11–13, and 19–20 (the "challenged claims") of the '011 patent are at issue on appeal. Claim 1, which is representative and dispositive of the remaining claims, is directed to "[a] system including one or more sending data processing systems." '011 patent, Cl. 1 (448:10–13). Relevant to this appeal, the sending data processing system of claim 1 performs the following limitation:

> **periodically beaconing outbound a broadcast unidirectional wireless data record** for physically locating in a region of the sending data processing system

one or more receiving user carried mobile data processing systems . . . **including**:

**application context identifier data identifying location based content** for presenting by a location based application of the receiving user carried mobile data processing system to a user interface of the receiving user carried mobile data processing system[.]

'011 patent, Cl. 1 (448:19–38) (emphasis added).

Apple Inc. ("Apple") petitioned for an inter partes review ("IPR") of the challenged claims.[1] The Board granted institution and issued a final written decision in Apple's favor. *See Apple Inc. v. BillJCo LLC*, No. IPR2022-00427, 2023 WL 5166729 (P.T.A.B. July 18, 2023) ("*Final Decision*"). During the review, the parties disputed the meaning of "periodic beaconing." *Id.* at *4. The Board did not, however, address, nor did the parties raise, any arguments concerning the meaning of "application context identifier data identifying location based content." *See, e.g.*, *id.* The Board ultimately construed the patent claims according to their plain and ordinary meaning. *Id.*

Apple argued the challenged claims were obvious over Ribaudo[2] in combination with Lorincz.[3] Ribaudo discloses a method for mobile devices to detect and interact with

---

[1]    Apple initially petitioned for IPR with Hewlett Packard Enterprise Co. and Aruba Networks, LLC, who later requested to be terminated from the proceedings, which the Board granted. *Final Decision*, 2023 WL 5166729, at *1.

[2]    U.S. Patent Pub. No. 2007/0030824 ("Ribaudo").

[3]    Konrad Lorincz & Matt Welsh, *Mote Track: A Robust, Decentralized Approach to RF-Based Location Tracking* (2005) ("Lorincz"), at J.A. 2592–2608.

other mobile devices in proximity through communication services. For example, Ribaudo describes a device that detects nearby mobile devices and sends them business profile information. Lorincz discloses a tracking system that determines a mobile node's location based on radio signal strength data received from multiple beacon nodes.

The Board determined that the challenged claims were unpatentable in view of Ribaudo and Lorincz. *Final Decision*, 2023 WL 5166729, at \*18. The Board determined that Ribaudo disclosed every disputed claim element. *Id.* at \*6–14. The Board further determined that Lorincz expressly disclosed periodic beaconing. *Id.* at \*11. It also agreed with Apple that a skilled artisan would have been motivated to combine Ribaudo with Lorincz's periodic beaconing to conserve power. *Id.* at \*10. The Board rejected BillJCo's assertion of objective indicia of non-obviousness. *Id.* at \*18.

BillJCo timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

BillJCo raises two principal issues on appeal: that the Board erred in claim construction, and that the Board's determinations relative to obviousness and objective indicia of non-obviousness are unsupported by substantial evidence. We review the Board's legal determinations de novo, *In re Elsner*, 381 F.3d 1125, 1127 (Fed. Cir. 2004), and its factual findings for substantial evidence, *In re Gartside*, 203 F.3d 1305, 1315 (Fed. Cir. 2000).

### I.  CLAIM CONSTRUCTION

BillJCo asserts that the Board erroneously construed the term "location based content."[4] Appellant Br. 21.

---

4    Although BillJCo asserts the Board erred in construing the entire phrase concerning "application context

BillJCo specifically argues the Board erred in concluding that content shared due to device proximity qualifies as "location based content" under the term's plain and ordinary meaning.[5] *Id.*; *Final Decision*, 2023 WL 5166729, at *12. We disagree. Claim construction is a question of law that can involve factual underpinnings. *Teva Pharms. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 333 (2015). We review de novo the Board's claim constructions that are based solely on intrinsic evidence, while we review subsidiary factual findings involving extrinsic evidence for substantial evidence. *Personalized Media Commc'ns, LLC v. Apple Inc.*, 952 F.3d 1336, 1339 (Fed. Cir. 2020).

BillJCo argues the intrinsic record requires that location based content must include information about the location of the sending system. Appellant Br. 22. We reject this argument. Claim 1 mentions location based content only three times with respect to: (1) data identifying the content for presentation, (2) presenting the content, and (3) the origin of the content being remote to both the sending and receiving systems. '011 patent, Cl. 1 (448:33–34, 62–65). We see no requirement that the location based content *must* include the location of the sending system. Moreover,

---

identifier data identifying location based content," its arguments solely focus on the following three-word term: "location based content." We therefore similarly confine our analysis to that specific term.

[5]    BillJCo conflates the Board's discussion of Ribaudo's business user profiles with its conclusion on the "location based content" limitation. Appellant Br. 22; *Final Decision*, 2023 WL 5166729, at *12. The Board did not equate "location based content" with general user profile information. *Final Decision*, 2023 WL 5166729, at *12. Instead, it found that sharing information based on a user's proximity to a sender's location satisfied that claim requirement. *Id.*

dependent claim 10 identifies several types of information that can be a part of the location based content, none of which require disclosing the sending system's location. *Id.* at Cl. 10 (449:24–32).

The patent specification also supports the Board's determination that content shared due to device proximity qualifies as "location based content." *Final Decision*, 2023 WL 5166729, at \*12. First, the specification discloses delivering content based on user proximity such as when a user enters a geofenced area. '011 patent, 12:29–32. Second, the specification discusses proximity as an indication of user location. *See, e.g.*, *id.* at 6:56–58 ("Locating functionality may include in-range proximity detection for detecting the presence of the MS."), 14:7–8 ("[W]ireless proximity is used for governing automatic location determination[.]"). Accordingly, the Board did not err in determining that content shared based on user proximity—i.e., proximity-based content—is "location based content."[6]

## II.  OBVIOUSNESS

BillJCo argues that the Board erred in its determination that Ribaudo and Lorincz together disclose the asserted claims, and that a person of skill in the art would have been motivated to combine these references. We disagree. We first reject BillJCo's obviousness arguments that are largely premised on claim construction positions that the Board properly rejected. *See, e.g., Kamstrup A/S v. Axioma Metering UAB*, 43 F.4th 1374, 1385 (Fed. Cir. 2022) (concluding appellant's patentability arguments that were based on properly rejected claim constructions "necessarily fail[ed]"); Appellant Br. 38; *see supra* Discussion Section I. Second, the Board credited, among other things,

---

[6]    Because the Board did not err in construing "location based content," we need not reach Apple's corresponding waiver argument. Appellee Br. 20.

Apple's expert testimony that a skilled artisan would use Lorincz's periodic beaconing to provide accurate location data with minimal power. *Final Decision*, 2023 WL 5166729, at \*10. We have previously held that such increased energy efficiency may establish a sufficient motivation to combine. *See, e.g.*, *Intel Corp. v. Qualcomm Inc.*, 21 F.4th 784, 797–99 (Fed. Cir. 2021). Substantial evidence therefore supports the Board's obviousness findings.

### III. OBJECTIVE INDICIA OF NON-OBVIOUSNESS

Finally, BillJCo argues that the Board erred in its analysis of objective indicia of non-obviousness. The Board found that BillJCo's sole evidence of copying—unsolicited communications to Apple regarding its then-pending patent applications—failed to show Apple altered its product designs to incorporate BillJCo's patented technology. *Final Decision*, 2023 WL 5166729, at \*16 (citing *Liqwd, Inc. v. L'Oreal USA, Inc.*, 941 F.3d 1133, 1138 (Fed. Cir. 2019)). The Board next reasoned that Apple's promotion of the claimed features in the accused products is not evidence of commercial success, such as "economic data or sales figures." *Id.* The Board also found that BillJCo's licensing evidence failed to show the '011 patent's significance among over thirty licensed patents. *Id.* We have noted that "the mere existence" of licenses, alone, does not establish secondary considerations sufficient to overcome an obviousness finding. *Iron Grip Barbell Co. v. USA Sports, Inc.*, 392 F.3d 1317, 1324 (Fed. Cir. 2004). Based on the forgoing, we conclude that the Board's non-obviousness determination is supported by substantial evidence.

### CONCLUSION

We have considered BillJCo's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decision that claims 1–3, 9, 11–13, and 19–20 of the '011 patent are unpatentable as obvious.

### AFFIRMED

8                                              BILLJCO, LLC v. APPLE INC.

COSTS

Costs against BillJCo.